UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON MASON,<br><br>                            Plaintiff,<br><br>v.<br><br>SENIOR OPERATIONS, LLC,<br>doing business as SENIOR AEROSPACE KETEMA,<br><br>                           Defendants. | Case No.: 3:22-cv-00763-TWR-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 12]** |

      Before the Court is the parties' joint[1] motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), currently scheduled for July 27, 2022 at 9:30 a.m. ECF No. 12.

---

[1] In the instant motion, counsel indicated that "Plaintiff does not oppose Defendant's request for a brief continuance." ECF No. 12 at 2, 4. However, the Court notes that the motion is solely signed by Defendant's counsel and does not comply with the Court's Order Setting ENE or Chambers Rules, which require a joint motion. ECF No. 3 at 6 (order setting the ENE, stating that "[a]ll requests for continuances must be made by a joint motion"); Chmb.R. at 2 (same). The Court will construe the instant motion as a joint motion, but will not do so again.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 3 at 6–7 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, Defendant has represented to the Court that "due to unforeseen circumstances," Defendant's principal attorney, Allison Eckstrom, "must take her mother to a medical appointment scheduled for the same time as the ENE [which] cannot be rescheduled." ECF No. 12 at 2, 4. Upon due consideration, good cause appearing, the Court **GRANTS** the motion. The Court **ORDERS** the following:

1. The ENE and CMC, originally scheduled for July 27, 2022, are hereby **RESET** for **August 1, 2022** at **9:45 a.m.** before Magistrate Judge Allison H. Goddard.

2. Since the ENE has been rescheduled, each party's **Confidential ENE Statement** is now due no later than **July 25, 2022**. These statements must conform with the requirements set forth in the Court's original order setting ENE. *See* ECF No. 3 at 2–3.

3. Since the ENE has been rescheduled, each party's **Participant Information List** is now due no later than **July 25, 2022**. These emails must conform with the requirements set forth in the Court's original order setting ENE. *See* ECF No. 3 at 5–6.

4. All procedures and requirements set forth in the Court's Order Setting ENE (ECF No. 3) remain in place, except as explicitly modified by this order.

**IT IS SO ORDERED.**

Dated: July 19, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge